UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PATRICIA CHISHOLM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:11-CV-0994 HEA |
| | ) |
| CAREER EDUCATION CORP., et al., | ) |
| | ) |
| Defendant. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Compel Arbitration and to Dismiss, or Alternatively Stay, This Case, [Doc. No. 15]. Plaintiff has filed a written opposition thereto [Doc. No. 25]. For the reasons set forth below, the Motion to Compel Arbitration is granted.

**Facts and Background**[1]

Plaintiff filed this action in the Circuit Court for the City of St. Louis, Missouri alleging the following:

On or about October 14, 2004, Plaintiff Patricia Chisholm submitted her Application for Admission for Sanford-Brown College, LLC's ("SBC") Paralegal Program at SBC's Hazelwood Campus. SBC owns and operates private career

---

[1] The recitation of facts is taken from the Petition and is set forth for the purposes of this Order only. It in no way relieves the parties of any obligation of proving the facts in later proceedings.

colleges in Missouri.  Defendant Career Education Corporation ("CEC") is a parent company of SBC's.

Contained in the parties' Enrollment Agreement is a broad arbitration clause which provides the following:

> 10.  **Dispute Resolution**: Any disputes or controversies between the parties to this Agreement arising out of or relating to the student's recruitment, enrollment, attendance, education or career serve assistance by the College or to this Agreement shall be resolved first through the grievance policy published in the catalog.  If not resolved in accordance with the procedures outlined in the school catalog . . . , then the dispute shall be resolved by binding arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration then in effect . . . .  Any such arbitration shall be the sole remedy for the resolution of any disputes or controversies between the parties to this agreement.

Defendant's Ex. A at 2.

On May 23, 2011, Plaintiff filed this lawsuit alleging that Defendants made various misrepresentations or omissions concerning SBC's program and the career prospects for program graduates.  Plaintiff asserts the following claims against Defendant: fraudulent misrepresentation (Count I), fraud by concealment and omission (Count II), and violation of the Merchandising Practices Act (Count III).  All of these claims arise out of her recruitment, enrollment, and attendance at SBC.

## Discussion

The Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, provides a court with authority to compel arbitration where a party has refused to comply with an arbitration agreement. 9 U.S.C. § 4. See *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 105 S.Ct. 3346, 3353, 87 L.Ed.2d 444 (1985). In making this determination, the Court must take into account the strong policy favoring arbitration as a method of settling disputes:

> [Q]uestions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration. . . The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. . .

*Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 103 S.Ct. 927, 941, 74 L.Ed.2d 785 (1983), *superseded by statute on other grounds*.

The broad phraseology of the arbitration provision–"[i]f not resolved in accordance with the procedures outlined in the school catalog . . . , then the dispute shall be resolved by binding arbitration"–encompasses the claim pled by Plaintiff here. Plaintiff asserts common law fraud claims, and a claim asserting a violation of the Missouri Merchandising Practices Act. It's clear to the Court that Plaintiff's claims fall under the "[a]ny disputes or controversies" that are "not resolved in accordance with the procedures outlined in the school catalog."

The Court is unpersuaded by Plaintiff's position that the Arbitration Clause in the Enrollment Agreement is unconscionable.  With regard to her argument that arbitration would be "prohibitively expensive," Plaintiff has failed to present "specific evidence of likely arbitrator's fees and [her] financial ability to pay those fees." *See Faber v.  Menard,* 367 F.3d 1048, 154 (8th Cir. 2004).  Additionally, Plaintiff's position that the limitation of remedies provision makes the entire provision unconscionable also fails.  The validity of provisions such as this is to be determined by the arbitrator.  *See Homestake Mining Co.  V.  United Steelworkers of Am.*  153 F.3d 678, 680 (8th Cir. 1998).  The Court is also unpersuaded by Plaintiff's argument that Defendants have waived their right to arbitration.  A heavy burden rests on Plaintiff to prove Defendants waived arbitration.  *Newson v.  Anheuser-Busch Cos., Inc.* 286 F.Supp. 2d 1063, 1067 (E.D.Mo.  2003).  Plaintiffs have failed to meet this burden here.  As such, the Court compels arbitration here, and will stay this case until the parties complete arbitration, as called for in the Enrollment Agreement.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant CEC's Motion to Compel Arbitration [Doc. No. 15] is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant CEC's request for dismissal [Doc. No. 15] is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant CEC's request to stay the litigation until completion of arbitration [Doc. No. 15] is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant CEC's Motion to Stay Discovery and Other Pretrial Proceedings [Doc. No. 17] is **DENIED** as moot.

Dated this 14th day of November, 2011.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE